extent of such injuries, and in view of all the facts and circumstances in the case as disclosed to you by the evidence. If you believe from the evidence that plaintiff has not suffered any permanent injury as a result of the injuries mentioned under the evidence, you would not allow him anything for permanent injury. No fixed rule exists for estimating this sort of damage. The plaintiff's age, his habits, his strength, sex, vocation, rate of wages he earned in the past by his labor, his prospect of obtaining steady and remunerative employment in the future, and the like, in so far as they may be illustrated by the evidence, are all circumstances proper to be taken into account. Diminution of his ability to work, if likely to occur by growing years and infirmities of age, is also to be considered, and any other fact which this evidence discloses, that in the minds of the jury ought to affect this particular plaintiff." On this charge the defendant specified error in that the court left it entirely to the discretion of the jury to say what was reasonable and just damages.

R. F. LYON, for plaintiff in error.
DESSAU & BARTLETT, contra.

---

### HARRISON v. PERRY.

When a notary public who is *ex officio* justice of the peace is disqualified, or refuses to serve, in a given case, or his term of office has expired, after an appeal from his judgment has been entered, the other justice of that district may preside in a trial of the appeal before a jury, especially when neither of the parties before verdict makes any objection to his so presiding.     *Judgment affirmed.*
August 23, 1892.

Justice's court. Judgment. Before Judge MARTIN. Harris superior court. October term, 1891.

Mrs. Harrison sued Mrs. Perry in the magistrate's court of the 707th district G. M., of Harris county, upon

a note for $26.50. The summons was issued by one Huling, N. P. & Ex. Off. J. P., and the summons required defendant to appear at the justice's court to be held at the court-house in said district on the second Saturday of December, 1890. She did appear, and filed a plea of set-off by an account against Mrs. Harrison for board, the account being dated March 1, 1886, and amounting with interest to $62.72. This plea was sworn to December 13, 1890, before Huling. It appears by the untraversed answer to the petition for *certiorari* that the case was first tried before Huling, and he rendered judgment for plaintiff at the December term, 1890; that defendant entered an appeal to a jury; that the case was continued twice by plaintiff and once by defendant until the June term, 1891, at which time a jury had been regularly drawn and summoned and were present to try the case; that at the April term, 1891, of Harris superior court, the grand jury recommended one Nunnalee to succeed Huling, whose term of office expired in 1891; that Huling's term had expired, but Nunnalee was not commissioned or sworn in until the first Tuesday in July, 1891; that at the June term, 1891, Huling was present but declined to try the case, stating that his term had expired, and requested the justice of the peace for the district to try all the cases on his docket; that when the case was called defendant amended her plea of set-off by changing the date from March 1, 1886, to March 1, 1887; that juries had been drawn four or five times to try the case, and at the June term, 1891, Huling declining to try it, the justice of the peace, believing that he had a right to preside at the trial, submitted the case to the jury; and that the jury found in favor of the defendant on her plea of set-off. The plaintiff's *certiorari* was overruled.

H. C. CAMERON, by T. Y. CRAWFORD, for plaintiff.
J. H. WORRILL, for defendant.